# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00338-JAD-PAL |
| Plaintiff, | ORDER |
| v. | (Mtn for SDT – Dkt. #18) |
| MAHESH KURHURU, | |
| Defendant. | |

This matter is before the court on Defendant Mahesh Kuthuru's Sealed Ex Parte Motion for Leave to Subpoena Under Seal (Dkt. #18) filed December 15, 2014. The court has considered the Motion. This order will be filed on the public docket redacted of the patient names to protect patient confidentiality, with an unredacted version served on counsel of record.

## BACKGROUND

On October 15, 2014, a grand jury returned an Indictment (Dkt. #1) against Kuthuru, charging him with nine counts of distribution of a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 1306.04. Kuthuru made an initial appearance on October 16, 2014, with his retained counsel and entered pleas of not guilty to the charges in the Indictment. *See* Minutes of Proceedings (Dkt. #6). He was released on a personal recognizance bond. *Id.*

## DISCUSSION

Kuthuru seeks an order requiring the Clerk of Court to issue a subpoena duces tecum to the custodian of records for North Las Vegas Pain Management & Urgent Care for files related to patients of Desert Pain Management[1] listed on the attachment to the proposed subpoena, which is attached to the Motion as Exhibit A. Kuthuru also seeks to subpoena all sign-in sheets, logs,

---

[1] Dr. Kuthuru was the owner of Desert Pain Management, and he later sold his practice, and all the patient files, to North Las Vegas Pain Management.

calendars, and other documents regarding scheduling of Desert Pain Management patients between June and November 2012.  Although the proposed subpoena complies with Rule 17 and requires the custodian of record to deliver responsive documents at the time of trial, it appears defense counsel is actually seeking pretrial production of responsive documents.  On December 15, 2014, defense counsel mailed an unexecuted proposed subpoena to the custodian of records at North Las Vegas Pain Management, and in the cover letter, indicated that if the custodian of records completed a certification, he or she could simply mail the responsive documents and certification to defense counsel and need not appear with the documents at trial.  Based on the timing of counsel's letter, it appears counsel may be seeking responsive documents for pretrial motion practice.

**A.  Federal Rule of Criminal Procedure 17.**

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas in criminal proceedings.  Rule 17(c) establishes the process by which federal courts can issue subpoenas duces tecum for the production of evidence before trial and provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

Unlike a subpoena issued under Rule 17(a) or 17(b) to compel a witness to appear at trial, the court has discretion to direct that a subpoena duces tecum be made returnable **before** trial.  However, Rule 17 is not a discovery device.  *United States v. Nixon,* 418 U.S. 683, 689 (1974), *superceded by statute on other grounds,* Fed. R. Evid. 104(a); *see also United States v. LaRouche Campaign*, 841 F.2d 1176, 1179 (1st Cir. 1988); *United States v. Fletcher*, 461 F. Supp. 2d 1101, 1102 (D. Ariz. 2006) ("[s]ubpoenas issued pursuant to Rule 17(c) are not discovery devices and may not be used to expand the scope of Rule 16"); *United States v. Shinderman*, 232 F.R.D. 147, 150 (D. Me. 2005); *United States v. Carter*, 15 F.R.D. 367, 369 (D. D.C. 1954) ("to construe Rule 17 as a discovery rule would render Rule 16 nugatory and meaningless and would defeat its

limitations"). Rule 17(c) may, however, be used to obtain evidentiary materials. *See Nixon*, 418 U.S. at 699-700; *Bowman Diary Co. v. United States*, 341 U.S. 214, 219-20 (1951).

Rule 17(c)(1) does not authorize a party to subpoena a witness and require him to report at some time or place other than either a trial or hearing to be held at which he is to testify. Its purpose is to permit the issuance of subpoenas only to compel attendance at hearings conducted by the court and trial. *See United States v. LaFuente*, 54 F.3d 457 (8th Cir. 1995), *cert. denied*, 516 U.S. 902 (prosecutor improperly secured attendance of witness at pretrial interview by subpoena); *United States v. Keen*, 509 F.2d 1273 (6th Cir. 1975) (government's use of subpoenas to compel witnesses to attend pretrial interview miles from place of trial at a proceeding not authorized by court was improper); *United States v. Stirone*, 168 F. Supp. 490 (D. Pa. 1957), *aff'd*, 262 F.2d 571 (3rd Cir. 1958), *rev'd on other grounds*, 361 U.S. 212 (1960) (improper for government to issue subpoenas compelling witnesses to appear at U.S. Attorney's Office in federal courthouse to ensure keeping of proper records).

Leave of court is required for a pretrial subpoena duces tecum. *United States v. Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997). A number of courts have held that the court has discretion to require production of documents by subpoena duces tecum prior to trial. *United States v. Lieberman*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019; *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962; *United States v. Murray*, 297 F.2d 812 (2nd Cir. 1962), *cert. denied*, 369 U.S. 828. The Supreme Court has stated:

> Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues. Without a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c).

*Nixon*, 418 U.S. at 702.

**B.     Standard for Pretrial Production.**

The burden is on the party seeking production to show good cause for the production before trial. In *United States v. Iozia*, the district court formulated a standard for establishing good cause for production prior to trial requiring a showing:

1. That the documents are evidentiary and relevant;

2. That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;

3. That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and

4. That the application is made in good faith and is not intended as a general fishing expedition.

13 F.R.D. 335, 338 (D.C.N.Y. 1952).  Other federal courts have generally followed the *Iozia* test for establishing good cause for pretrial production.  *See, e.g.*, *Nixon*, 418 U.S. at 699; *United States v. Stein*, 488 F. Supp. 2d 350, 366 (S.D.N.Y. 2007); *U.S. v. Gel Spice Co., Inc.*, 601 F. Supp. 1214 (D.C.N.Y. 1985).

**B.  Ex Parte Applications for Pretrial Production.**

Courts are split as to whether a party may make an *ex parte* application for a pretrial subpoena duces tecum, and the Ninth Circuit has not ruled upon the issue.  Some courts have found that under no circumstance may a party make an *ex parte* application for a subpoena duces tecum. *See, e.g., United States v. Fox,* 275 F.Supp.2d 1006, 1012 (D.Neb.2003) (finding Rule 17(c) does not normally permit ex parte applications for subpoena duces tecum unless the sole purpose of seeking the documents is for use at trial); *United States v. Peterson,* 196 F.R.D. 361, 361–62 (D.S.D.2000) (Rule 17(c) motion may not be made *ex parte* where subpoena requests documents be produced prior to trial); *United States v. Finn,* 919 F.Supp. 1305, 1330 (D.Minn.1995) (same); *United States v. Hart,* 826 F.Supp. 380, 381 (D.Colo.1993) (court has discretion to allow pretrial production of documents under Rule 17(c) where both parties are permitted to examine documents); *United States. v. Urlacher,* 136 F.R.D. 550, 555–56 (W.D.N.Y.1991) (scheme of Rule 17 supports congressional intent that compliance with subpoena *duces tecum* requires notice to opposing counsel).

Other courts have held that a party may make an ex parte application. *See Beckford*, 964 F. Supp. at 1025–31; *United States v. Daniels*, 95 F.Supp.2d 1160, 1162–63 (D.Kan.2000) (ex parte applications permissible where source or integrity of evidence would be 'imperiled' or trial strategy disclosed); *United States v. Tomison*, 969 F.Supp. 587, 589–95 (E.D.Cal.1997) (ex parte

- 4 -

applications are generally disfavored, but are permitted in limited circumstances, such as where a subpoena served on third party, and notice would compromise trial strategy). Further, as the court observed in *United States v. Reyes*:

> There are strong policy reasons in favor of an ex parte procedure. If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled. In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the Nixon standards of specificity, relevance, and admissibility. If a full adversary hearing was required to obtain a subpoena duces tecum, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena. In this vein, the Court is mindful that it is often defendants who seek a subpoena duces tecum on an ex parte basis in order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

This court agrees with those courts which have found that a defendant should be permitted to make an ex parte application for pretrial production of documents under limited circumstances, such as where identification of the source of evidence potentially imperils the source or integrity of evidence; or where notice of a subpoena duces tecum would compromise defense counsel's trial strategy; or where a constitutional interest of a defendant is implicated. This court allows ex parte applications of this nature to put a defendant on equal footing with the government so that a defendant need not provide the government with pretrial notice of those witnesses he or she intends to subpoena to testify at trial, and to protect the mental impressions and defense strategy of counsel. The court finds the Motion was appropriately filed on an ex parte basis because it could reveal the defendant's trial strategy.

It does not follow, however, that a defendant is entitled to strategic advantage or tactical surprise. Rule 17(c)(1) plainly provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." *Id.* There is no justification, however, to allow Kuthuru to subpoena the information he seeks on an ex parte basis, especially where they received information about the undercover agents and other patients who were allegedly over-prescribed medication from the government itself. The court has the discretion to require pretrial

production of documents by subpoena duces tecum. Although the Motion does not articulate why the materials described in the proposed subpoena are evidentiary and relevant, its relevant and evidentiary nature is apparent, based on the issues raised in the government's expert report and in the Indictment itself. However, Rule 17 is not a discovery device, and counsel's request to have the materials produced to them on an ex parte basis is denied.

Accordingly,

**IT IS ORDERED** that Kuthuru's Motion for Subpoena Duces Tecum (Dkt. #18) GRANTED IN PART AND DENIED IN PART as follows:

1. Kuthuru's request for a subpoena duces tecum for pretrial production is GRANTED.
2. The Clerk of Court shall issue a subpoena to:

> Custodian of Records
> North Las Vegas Pain Management & Urgent Care
> 3061 S. Maryland Pkwy., Suite 104
> Las Vegas, NV 89101

The custodian of records shall produce the following records under seal with the Clerk of Court no later than **January 23, 2015**:

(a) Complete patient files and information for the following individuals:





    (b)    All sign-in sheets, logs, calendars, and related documentation regarding the scheduling of Desert Pain Management patients for the period of June 2012 through November 2012.

2. Counsel for Kuthuru shall serve the subpoena duces tecum on the custodian of records for Desert Pain Management, along with a copy of this Order.

3. The Clerk of Court shall make the sealed records submitted by Desert Pain Management available for inspection and copying to counsel for Kuthuru and counsel for the government.

4. The Clerk of Court shall file the order redacted of patient names on the public docket, serve a copy of the unredacted Order on all counsel of record in this case, and file the unredacted order on the docket under seal.

5. Kuthuru's request that any responsive materials be produced to defense counsel only is DENIED.

Dated this 2nd day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE